UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY SCOTT,

                                  Plaintiff,

                                          DECISION AND ORDER

                                          17-CV-6407L

                        v.

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                                  Defendants.
_____


Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On September 6, 2013, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning July 1, 2011. (Dkt. #8 at 13). His application was initially denied. Plaintiff requested a hearing, which was held on November 5, 2015 before Administrative Law Judge ("ALJ") Brian Kane. *Id.* The ALJ issued an unfavorable decision on December 1, 2015, concluding that plaintiff was not disabled. (Dkt. #8 at 13-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 26, 2017. (Dkt. #8 at 1-4). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion (Dkt. #11) is granted, the

Commissioner's cross motion (Dkt. #9) is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

**I.   Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where, as here, a claimant's alleged disability includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational

probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). The Court must independently determine if the Commissioner's decision applied the correct legal standards. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112.

## II.  The ALJ's Decision

The ALJ determined that the plaintiff had the following severe impairments, not equal to a listed impairment: major depressive/bipolar disorder with alcohol dependence, and essential tremors. (Dkt. #8 at 16). The ALJ found that with his substance abuse disorder, plaintiff retained the residual functional capacity ("RFC") to perform medium work, except that he would be limited to work requiring no more than 30 days of training, and would miss at least three days of work per month. (Dkt. #8 at 20). The ALJ found that *without* plaintiff's substance abuse disorder, plaintiff retained the RFC to perform medium work, limited to jobs requiring no more than 30 days of training. (Dkt. #8 at 25).

When presented with the latter RFC determination, impartial vocational expert Carol G. McManus testified that plaintiff could perform the unskilled positions of cashier and hospital food service worker. (Dkt. #8 at 26).

Plaintiff contends that the Appeals Council improperly rejected medical evidence that was submitted after the ALJ's decision, and that the ALJ's decision is based on legal error and is not supported by substantial evidence, because the ALJ failed to develop the record with respect to plaintiff's alleged learning disability. The Commissioner argues that the post-decision evidence

was properly rejected, that the ALJ committed no legal error, and that substantial evidence in the record supports the ALJ's determination that plaintiff is not disabled.

III.     **The Appeals Council's Rejection of Post-Decision Evidence**

Initially, plaintiff alleges that the Appeals Council erred when it rejected records that were submitted to it after the ALJ's decision; in particular, a medical opinion by plaintiff's treating internist, Dr. Charbel Moussallem, and a spinal X-ray report, on the grounds that they were "new information about a later time." (Dkt. #8 at 2).

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material and relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §416.1470(b); §416.1476(b)(1). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Initially, the Appeals Council's rejection of Dr. Moussallem's opinion as "information about a later time" was improper. Dr. Moussallem's opinion related to his treatment of plaintiff beginning March 27, 2014 (16 months prior to the ALJ's decision), and described "severe" limitations (defined as the ability to perform for only "1-2 hours") in all areas of exertional ability, including walking, standing, sitting, lifting and carrying, use of hands, etc. (Dkt. #8 at 487).

Because Dr. Moussallem's opinion specifically assessed plaintiff's exertional functions for at least a 16-month period prior to the ALJ's decision, it was pertinent to the issue of whether plaintiff was under a disability during the relevant period, even if some of the treatment on which the opinion was based was rendered subsequent to the ALJ's decision. *Accord Lisa v. Secretary of Dep't of Health and Human Serv.*, 940 F.2d 40, 44 (2d Cir. 1991) (evidence bearing on an

4

applicant's condition subsequent to the date last insured is pertinent, in that it may disclose the severity and continuity of impairments existing before that date).

Further, Dr. Moussallem's opinion is probative, to the extent that it appears to contradict the ALJ's RFC determination with respect to plaintiff's exertional limitations. (To the extent that Dr. Moussallem's opinion does not specify whether the effects of alcohol abuse were taken into account in describing plaintiff's limitations and whether the limitations it described were present as of the date he first began to treat plaintiff or arose at some later time, the Appeals Council should have contacted Dr. Moussallem for clarification.)

As such, Dr. Moussallem's report was entitled to at least be considered by the Appeals Council rather than rejected out of hand, and remand is therefore appropriate. *See Sears v. Colvin*, 2013 U.S. Dist. LEXIS 175513 (N.D.N.Y. 2013) (where Appeals Council erred by determining that new evidence was insufficient to trigger review of an ALJ's decision, remand is appropriate). *See also Barimah v. Commissioner*, 2004 U.S. Dist. LEXIS 19356 at *4-*5 (E.D.N.Y. 2004) (opinion generated after ALJ's decision that corroborates the claimant's pre-decision complaints is relevant and probative, particularly where the limitations to which it testifies were not fully credited by the ALJ, and should not have been rejected by the Appeals Council).

For the same reason, the Appeals Councils' rejection of an X-ray study that was performed on December 18, 2014 – approximately one year prior to the ALJ's decision – was improper. Because the X-ray report found "significant" L5-S1 disc space narrowing and suspected disc herniation, it would, if credited, contradict the ALJ's conclusion that plaintiff's complaints of back pain were unsupported by objective evidence (Dkt. #8 at 20), and bolster the opinion of examining physician Dr. Nikita Dave that plaintiff's low back pain and other diagnoses caused mild to moderate limitations in sitting, standing, lifting and carrying, pushing and pulling, etc. (Dkt. #8 at

327). Because the X-ray report was relevant to plaintiff's condition during the time period at issue and provided the kind of objective evidence that the ALJ explicitly found lacking when he rejected both Dr. Dave's opinion and plaintiff's testimony about limitations caused by back pain, it was entitled to the Appeals Council's consideration. The Appeals Council's summary rejection of the X-ray report as "new evidence about a later time" was therefore erroneous, and remand is warranted.

IV.     **Plaintiff's Alleged Learning Disability**

Plaintiff also challenges the ALJ's finding that plaintiff's mental impairments do not include a learning disability. Plaintiff contends that his alleged diagnosis of a learning disability, and his educational records showing academic difficulties in core academic subjects, should have triggered the ALJ's duty to develop the record further by ordering intelligence testing.

The Court disagrees. There is no evidence of record that plaintiff's mental functioning is appreciably limited by a learning disability. In fact, consulting psychologist Dr. Adam Brownfeld specifically considered plaintiff's self-report that he'd been diagnosed with a learning disability in formulating his mental RFC assessment, and nonetheless did not find that plaintiff had any resulting mental limitations, other than a "mild to moderate" limitation in dealing with stress. (Dkt. #8 at 322). Because the record does not otherwise appear to contain any gaps with respect to plaintiff's mental functioning and because substantial evidence supports the ALJ's finding that plaintiff has the RFC to perform work that is limited to jobs that require no more than 30 days of training, including several unskilled jobs identified by the VE, I find that the ALJ's decision not to order intelligence testing or additional mental assessments was not erroneous.

**CONCLUSION**

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is denied. Plaintiff's motion for judgment on the pleadings remanding the matter (Dkt. #9) is granted, and the matter is remanded for further proceedings consistent with this opinion, including consideration of Dr. Moussallem's February 4, 2016 assessment (Dkt. #8 at 486-87) and the December 18, 2014 X-ray report (Dkt. #8 at 522), and/or recontacting Dr. Moussallem as necessary for clarification of the dates and diagnoses to which he intended his assessment to pertain.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 24, 2018.